UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| JAMES KELLEY,<br>Plaintiff,<br><br>v.<br><br>KAROLINA KAWIAKA<br>Defendant. | CASE NO: 2:21-cv-185<br><br>JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, James Kelley, by and through his attorney, Charles Becker, Staff Attorney at the Disability Law Project of Vermont Legal Aid, Inc., complains of Defendant, Karolina Kawiaka, as follows:

### INTRODUCTION

1. This action is brought under the federal Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 et seq., and the Vermont statute prohibiting unfair housing practices, 9 V.S.A. § 4503, for declaratory and injunctive relief and damages due to refusal of Karolina Kawiaka, a landlord, to allow a reasonable modification to the home of her tenant, James Kelley, a man who has had both of his legs amputated and is reliant on a wheelchair for mobility. Mr. Kelley has requested authorization from Ms. Kawiaka to install, without cost to her, a modular wheelchair ramp to the front entrance of his apartment. The ramp is needed for Mr. Kelley to safely enter and exit his apartment. Currently, Mr. Kelley is dependent on a temporary "moving" ramp with an unsafe grade and no guardrails. He has twice fallen from his wheelchair from having to use this unsafe ramp. On one occasion, the fire department needed to be called for assistance; on the other occasion, Mr. Kelley had to crawl back into his apartment to call for help. Because Ms. Kawiaka has

**Vermont Legal Aid**
57 N. Main Street Suite 2
Rutland, VT 05701
(802) 775-0021
rutlandmail@vtlegalaid.org

refused to permit construction of the ramp at the front of the house, she has discriminated against Mr. Kelley in violation of federal and state laws that require her to allow reasonable modifications that enable persons with disabilities to use and enjoy housing to the same extent as non-disabled individuals. Plaintiff seeks to remedy this discriminatory treatment and to be afforded immediate, safe access to his home.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a). Plaintiff's claims for declaratory and injunctive relief are authorized under 28 U.S.C. §§ 2201-02 and 42 U.S.C. § 3613(c)(1).

3. This Court has supplemental jurisdiction over Mr. Kelley's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the District of Vermont pursuant to 28 U.S.C. § 1391(b)(2) because Defendant resides there and because a substantial part of the events or omissions giving rise to Plaintiff's claims arose there.

## PARTIES

5. Plaintiff James Kelley is a resident of Bellows Fall, Vermont, who has had both of his legs amputated and is reliant on a wheelchair for mobility. Mr. Kelley is a person with a disability as defined by the Fair Housing Act, 42 U.S.C. § 3602 (h).

6. Defendant Karolina Kawiaka is a resident of White River Junction, Vermont, and is the owner of the 15 Williams Street property where Mr. Kelley is a tenant.

Vermont Legal Aid
57 N. Main Street Suite 2
Rutland, VT 05701
(802) 775-0021
rutlandmail@vtlegalaid.org

## MATERIAL FACTS

7. Mr. Kelley rents the first floor apartment in a two-unit building located at 15 Williams Street in Bellows Falls, Vermont.

8. Karolina Kawiaka is the owner of the 15 Williams Street property where Mr. Kelley resides ("premises").

9. Mr. Kelley's tenancy began in August 2019 pursuant to a written lease agreement with a one-year term.

10. Mr. Kelley and Ms. Kawiaka agreed to renew the lease for another one-year term in August 2020.

11. In January 2021, Mr. Kelley notified Ms. Kawiaka that he was about to undergo surgery to have his remaining leg amputated.

12. Mr. Kelley further notified Ms. Kawiaka that he would be reliant on a wheelchair after the surgery and would need a ramp in order to enter and exit his apartment.

13. There are two entrances to Mr. Kelley's apartment: one at the front and another at the back.

14. The front entrance leads to a paved walkway that connects to the public sidewalk along the street.

15. By utilizing the front entrance, Mr. Kelley is able to safely reach the public sidewalk from which he is able to access public transportation.

16. Mr. Kelley relies on public transportation to access medical care, engage in daily activities, and access his community.

17. The back entrance to Mr. Kelley's apartment leads to a narrow hallway and an exterior door that is shared by the upstairs tenant.

**Vermont Legal Aid**
57 N. Main Street Suite 2
Rutland, VT 05701
(802) 775-0021
rutlandmail@vtlegalaid.org

18. The back entrance leads in one direction to a parking area and a long, unpaved and rutted driveway, and in the other direction, to an alternate, poorly maintained walkway to the front of the property.

19. Mr. Kelley does not have a car and therefore does not need access to the parking area.

20. Navigating the unpaved driveway to reach the street in order to access public transportation is hazardous for Mr. Kelley, especially in seasons when snow, ice, or mud are present.

21. Since early February 2021, Mr. Kelley has been seeking approval from Ms. Kawiaka to install an ADA-compliant ramp at the front entrance to his apartment at no cost to her.

22. Working with the Vermont Center for Independent Living ("VCIL") and his long-term care case manager (his "team"), Mr. Kelley secured funding to have a modular accessibility ramp professionally designed and installed at the front entrance of his apartment.

23. Ms. Kawiaka has repeatedly rejected Mr. Kelley's requests for permission to install a ramp to the front entrance of his apartment.

24. On February 2, 2021, Mr. Kelley emailed Ms. Kawiaka a Landlord Acknowledgement Form from VCIL. The form requests the landlord's formal permission for modification to the rental premises.

25. On February 3, 2021, Ms. Kawiaka returned a signed copy of the form, but with the condition noted on the form that she must "approve all plans."

Vermont Legal Aid
57 N. Main Street Suite 2
Rutland, VT 05701
(802) 775-0021
rutlandmail@vtlegalaid.org

26. Ms. Kawiaka wanted assurances that construction of the ramp would "follow historic preservation guidelines."

27. Upon information and belief, the 15 Williams Street property is not registered as a historically significant property and is not located in a historic preservation district.

28. On Mr. Kelley's behalf, VCIL engaged the services of Amramp, a national provider of commercial and residential wheelchair ramps and other accessibility products.

29. On February 5, 2021, Mr. Kelley's long-term care case manager forwarded a copy of the ramp proposal and plans to Ms. Kawiaka.

30. The plans, which were professionally drafted and designed by Amramp, were for installation of a modular, ADA-compliant wheelchair ramp to the front entrance of Mr. Kelley's apartment.

31. On February 5, 2021, Ms. Kawiaka responded by email to the proposal by insisting that the ramp "has to be on the back stair" and further claimed that because the house was "historically significant" a ramp at the front of the building would not work.

32. In response to Ms. Kawiaka's feedback, Mr. Kelley and his team sought an alternative proposal for a ramp at the back entrance of the apartment.

33. Based on a review of old records and without the benefit of a site visit, Amramp prepared a new drawing for a ramp at the back of the building.

**Vermont Legal Aid**
57 N. Main Street Suite 2
Rutland, VT 05701
(802) 775-0021
rutlandmail@vtlegalaid.org

34. Between February 5 and February 23, 2021, Amramp and Ms. Kawiaka went back-and-forth proposing alternative designs for a ramp to the back entrance without reaching an agreement on any of them.

35. On February 25, 2021, Brian Jewett of Amramp conducted a site visit to determine whether it was feasible to construct a ramp to the back entrance of Mr. Kelley's apartment that would meet Mr. Kelley's disability-related needs and be ADA compliant.

36. On February 26, 2021, Mr. Jewett emailed Ms. Kawaiaka to convey his professional opinion that a ramp to the back entrance was inferior to a ramp to the front entrance. Among the factors Mr. Jewett based his opinion on were:

    a. the narrowness of the passageway from the back entrance of Mr. Kelley's apartment to the exterior door

    b. the proximity of the back entrance to an open stairway to the basement which Mr. Kelley could potentially fall down into;

    c. that the back entrance leads to a parking area and an unpaved driveway which would be difficult for Mr. Kelley to safely navigate in order to reach public transportation at the street;

    d. and that the back entrance was shared by the upstairs tenant creating safety concerns.

37. On February 28, 2021, Ms. Kawiaka responded to Ampramp's email by reiterating that the ramp "needs to be off the back."

Vermont Legal Aid
57 N. Main Street Suite 2
Rutland, VT 05701
(802) 775-0021
rutlandmail@vtlegalaid.org

38. On March 1, 2021, Mr. Jewett responded to Ms. Kawiaka by stating that a ramp at the back of the house is "not workable for James" and asked Ms. Kawiaka to reconsider her denial.

39. Seeking to move the project forward, VCIL forwarded a bid along with a new sketch for a ramp at the back of the house to Ms. Kawiaka in mid-March 2021.

40. Also in mid-March 2021, Assistant State Fire Chief Steve Dumont conducted a site visit to the 15 Williams Street Property accompanied by Ms. Kawiaka.

41. Mr. Dumont issued a construction permit on March 23, 2021.

42. On April 1, 2021, Ms. Kawiaka wrote to VCIL stating that she interpreted the construction permit to mean that the entire 15 Williams Street building would need to be made accessible.

43. On April 13, 2021, Ms. Kawiaka indicated her refusal to allow any ramp unless VCIL would assume "responsibility of any additional code requirements triggered by installation of a ramp" despite having been informed by Mr. Dumont that only the ramp needed to be ADA compliant.

44. In mid-April 2021, Vermont Legal Aid sent Ms. Kawiaka a demand letter on Mr. Kelley's behalf stating the pertinent law and regulations and requesting that she approve installation of a ramp at the front of the house immediately.

45. Ms. Kawiaka never responded to Vermont Legal Aid's April demand letter.

46. On May 3, 2021, Ms. Kawiaka signed a new Landlord Acknowledgment Form.

47. Mr. Kelley's team received the form and interpreted it to mean that Ms. Kawiaka had finally granted permission to install the ramp to the front entrance of Mr. Kelley's apartment.

Vermont Legal Aid
57 N. Main Street Suite 2
Rutland, VT 05701
(802) 775-0021
rutlandmail@vtlegalaid.org

48. Work to install the ramp was initiated on May 11, 2021.

49. Late in the day on May 11, 2021, Ms. Kawiaka sent a series of emails to Mr. Kelley and his team declaring that "the ramp will NOT be on the front of the house" "UNDER ANY CIRCUMSTANCES."

50. Vermont Legal Aid contacted Ms. Kawiaka with a demand that she not interfere with installation of the ramp.

51. Ms. Kawiaka's response to Vermont Legal Aid indicated that she would not allow the ramp to be installed at the front of the house.

52. No further construction of the ramp to the front entrance has occurred.

53. Since mid-May, Ms. Kawiaka has become increasingly antagonistic to Mr. Kelley.

    a. She has accused Mr. Kelley of violating his lease in multiple ways which Mr. Kelley denies.

    b. She has demanded payment for repairs and alleged utility overages for which Mr. Kelley is not responsible.

    c. She asserted her right to inspect the apartment in an aggressive and degrading manner.

    d. She sent Mr. Kelley a message via Facebook Messenger stating that she does not intend to renew his lease.

54. Currently Mr. Kelley can only enter and exit his apartment via the back entrance, to which a temporary moving ramp has been attached.

55. The moving ramp is not ADA compliant. The ramp does not have guardrails and the grade is too steep.

Vermont Legal Aid
57 N. Main Street Suite 2
Rutland, VT 05701
(802) 775-0021
rutlandmail@vtlegalaid.org

56. Mr. Kelley has fallen from his wheelchair on at least two occasions attempting to exit his apartment via the temporary moving ramp. On one of these occasions, Mr. Kelley called out for help to no avail and had to crawl back into his apartment to phone for assistance. On another occasion, the fire department was called to assist Mr. Kelley back into his wheelchair.

## CLAIMS

### Count I: Refusal to Allow a Reasonable Modification in Violation of the Federal Fair Housing Act

57. Mr. Kelley repeats and realleges the allegations made in each of the previous paragraphs.

58. Under the Fair Housing Act, it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of – (A) that person . . ." 42 U.S.C. § 3604(f)(2).

59. As defined by the Fair Housing Act, "discrimination includes a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises . . . ." 42 U.S.C. § 3604(f)(3)(A).

60. James Kelley is a "handicapped person" within the meaning of the Act. See 42 U.S.C. § 3602(h).

61. Karolina Kawiaka is the owner of the 15 Williams Street property where Mr. Kelley resides.

Vermont Legal Aid
57 N. Main Street Suite 2
Rutland, VT 05701
(802) 775-0021
rutlandmail@vtlegalaid.org

62. Six months have passed since Mr. Kelley requested approval to install a modular ramp leading to the front entrance of his building.

63. The ramp is a reasonable modification necessary to afford Mr. Kelley use and enjoyment of the premises equal to that of non-disabled residents.

64. Because Mr. Kelley has arranged for installation of the ramp at no cost to Ms. Kawiaka, it will impose no financial burden on her. In addition, the ramp will not fundamentally alter the nature of the property or of Ms. Kawiaka's business.

65. By refusing to allow this reasonable modification and insisting upon an unsafe and inferior alternative modification, Ms. Kawiaka has discriminated against Mr. Kelley in violation of the Fair Housing Act.

66. At all times relevant to this action, Ms. Kawiaka has acted intentionally, willfully and/or in reckless disregard of Mr. Kelley's rights.

**Count II: Violation of the Vermont Statute Prohibiting Unfair Housing Practices**

67. Mr. Kelley repeats and realleges the allegations made in each of the previous paragraphs.

68. The Vermont statute prohibiting unfair housing practices makes it illegal for any person to "discriminate in the sale or rental of a dwelling because a person relies upon aids such as attendants, specially trained animals, wheelchairs, or similar appliances or devices but the owner shall not be required to modify or alter the building in any way in order to comply with this chapter." 9 V.S.A. § 4503(9). However, "[a]n owner *shall* permit, at the expense of the person with a disability, reasonable modifications of existing premises occupied or to be occupied by the

**Vermont Legal Aid**
57 N. Main Street Suite 2
Rutland, VT 05701
(802) 775-0021
rutlandmail@vtlegalaid.org

person with a disability if the modifications are necessary to afford the person full enjoyment of the premises." Id.

69. Mr. Kelley is a person with a "disability" as defined by the statute. 9 V.S.A. § 4501(2)

70. The 15 Williams Street property is a "dwelling" as defined by the statute. 9 V.S.A. § 4501(5).

71. Ms. Kawiaka is the "owner" of the 15 Williams Street property as defined by the statute. 9 V.S.A. § 4501(4)

72. By refusing to allow Mr. Kelley to install, at his own expense, a ramp to the front entrance of his apartment, a reasonable modification, Ms. Kawiaka has discriminated against Mr. Kelley in violation of the Vermont statute prohibiting unfair housing practices.

## PLAINTIFF'S INJURIES

73. As a result of Ms. Kawiaka's unlawful actions, Mr. Kelley has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law, thus justifying the imposition of injunctive relief.

74. Ms. Kawiaka's unlawful actions have also caused Mr. Kelley physical injury, humiliation, and embarrassment, and to suffer and to continue to suffer the loss of enjoyment of his rental property and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Kelley asks the Court to grant the following relief:

Vermont Legal Aid
57 N. Main Street Suite 2
Rutland, VT 05701
(802) 775-0021
rutlandmail@vtlegalaid.org

a) Declare that Defendant's acts and omissions constitute illegal discrimination under the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B), as well as violate the Vermont statute prohibiting unfair housing practices, 9 V.S.A. § 4503(9).

b) Preliminarily and, after full hearing, permanently enjoin Defendant to permit Plaintiff to install, at no cost to Defendant, a wheelchair ramp leading to the front entrance of Plaintiff's 15 Williams Street apartment for as long as Plaintiff lives there;

c) Require Defendant to attend four hours of fair housing training, including training on reasonable modifications, by the Vermont Human Rights Commission;

d) Award Plaintiff his actual damages, including compensation for pain, suffering, and humiliation;

e) Award Plaintiff punitive damages as a result of Defendant's willful, malicious, or reckless conduct;

f) Award Plaintiff his reasonable attorneys' fees and costs; and

g) Grant any other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated in Rutland, Vermont, this 27rd day of July 2021.

By: Charles Becker
Staff Attorney
Vermont Legal Aid, Inc.
(802) 775-0021
cbecker@vtlegalaid.org

Vermont Legal Aid
57 N. Main Street Suite 2
Rutland, VT 05701
(802) 775-0021
rutlandmail@vtlegalaid.org

12